Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceedings Under Chapter 13 |
| DAVID J. SHUKER, | Case No. 2-10-BK-09631 CGC |
| and | **TRUSTEE'S RECOMMENDATION** |
| CELENA R. SHUKER, | (1/25/11) |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

(1) Debtors to provide a status report for wife's employment.

(2) The proofs of claim filed by Household Realty Corporation and HSBC Bank Nevada differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtor(s) must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan

to provide for some or all payment on the claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

(3) Pursuant to the B22C Form, the amount to be paid to unsecured claims is the total amount stated in the Claims Docket.

(4) The Trustee presumes the ATV's are being surrendered to HSBC. Certainly surrendering the property helps the Debtors afford their plan payments.

(5) The Amended Schedule D shows a secured debt owed to HSBC Retail Service for a motorcycle. Such debt is not provided for in the Plan, nor did the creditor file a proof of claim. Clarification is required. Given the Debtors already have three owned vehicles plus a leased vehicle, the motorcycle is not needed and will be surrendered.

(6) Other requirements: (a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at http://www.maney13trustee.com/mcforms2.htm. The order confirming plan must be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(f) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2010 - 2012 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

SUMMARY: Pursuant to Local Rule 2084-10, by **January 25, 2011,** Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Trustee could lodge a dismissal order.

Copy mailed or emailed to:

David J. Shuker
Celena R. Shuker
14953 West Rock Rose Way
Surprise, Arizona    85374
Debtors

Michael J. Fatta
Attorney at Law
LAW OFFICE OF MICHAEL J. FATTA
Suite B-39
18001 North 79th Avenue
Glendale, Arizona    85308
mjfpllc@aol.com
Attorney for Debtor(s)

- 3 -